**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

=====================================
JACOB DEUTSCH & RIVKA DEUTSCH individually and all other similarly situated consumers

Plaintiffs,

-against-

NORTHSTAR LOCATION SERVICES, LLC

Defendant.
======================================

## CLASS ACTION COMPLAINT

### *I. Introduction*

Now comes Plaintiffs, by and through their attorneys, and, for their Complaint allege as follows:

1) Plaintiffs Jacob Deutsch & Rivka Deutsch bring this action to secure redress from unlawful collection practices engaged in by Defendant, Northstar Location Services, LLC.

2) The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

3) The Plaintiffs allege that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Such collection practices include, inter alia:

(a) Leaving messages for consumers, which fail to provide meaningful disclosure of Defendant's identity;

(b) Leaving messages for consumers, which fail to disclose that the call is from a debt collector; and

(c) Leaving messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

4) The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5) The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer."[1]

6) To prohibit harassment and abuses by debt collectors, the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the

[1] *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(l)-(6). Among the per se violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity. 15 U.S.C. § 1692d(6).

7) To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the per se violations prohibited by that section are: using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications that the communication is from a debt collector, 15 U.S.C. § 1692e(11).[2]

## ***II. Parties***

8) At all times relevant to this lawsuit, Plaintiffs are citizens of the State of New York who reside within this District.

9) Plaintiffs are consumers as that term is defined by Section 1692(a)(3) of the FDCPA.

---

[2] *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 119, 1998 U.S. App. LEXIS 30906 (2d Cir. N.Y. 1998) (The FDCPA defines "communication" very broadly as "the conveying of information regarding a debt directly or indirectly to any person through any medium.")

10) The alleged debt that Defendant sought to collect from the Plaintiffs involves a consumer debt.

11) At all times relevant to this lawsuit, Defendant's principal place of business is located within Cheektowaga, New York.

12) Defendant is regularly engaged upon, for profit, in the collection of allegedly owed consumer debts.

13) Defendant is a "debt collector" as specifically defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *III. Jurisdiction & Venue*

14) Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

15) Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transact business here.

## *IV. Allegations*

16) Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

17) Within the one year immediately preceding the filing of this complaint, the Defendant attempted to contact the Plaintiffs on multiple occasions via telephone and left numerous messages in an attempt to collect the alleged obligation.

18) By way of limited example only, the following is one such message that Plaintiffs received on or about July 26, 2016:

The message in sum and substance asked that the consumer contact an individual, Justin on 855 211-4583, Ext. 1659, calling from Northstar Location Services, regarding a personal business matter.

19) By way of limited example only, the following is another such message that Plaintiffs received on or about July 28, 2016:

The message in sum and substance asked that the consumer contact an individual, Rick Letner on 866 610-2726, calling from Northstar Location Services.

20) By way of limited example only, the following is another such message that Plaintiffs received on or about August 22, 2016:

The message in sum and substance asked that the consumer contact an individual, Rockel Potenzo on 866 610-2726, Ext. 3528, calling from Northstar.

21) At the time Plaintiffs received the said messages, they did not know the identity of the callers.

22) At the time Plaintiffs received the said messages, they did not know that the call concerned the collection of a debt.

23) Each of the messages is a "communication" as defined by 15 U.S.C. § 1692a(2).[3]

24) Each of the above messages uniformly failed to identify the callers as debt collectors attempting to collect a debt.

25) The messages left by Defendant was deceptive and harassing per se in that it secreted the identity of the Defendant in violation of 15 U.S.C. § 1692d(6).

[3] See. *Dauval v. MRS BPO, L.L.C.*, 2013 U.S. Dist. LEXIS 189109, 25 Fla. L. Weekly Fed. D 47 (M.D. Fla. June 27, 2013); *Foti v. NCO Fin. Sys.,* 424 F.Supp.2d 643, 655–56 (S.D.N.Y.2006) (holding that a message with enough information to entice a return call being left with a third party or on a voice mail is a “communication” under the FDCPA).

26) Upon information and belief, it is the regular practice of the Defendant to leave messages to be conveyed to 'consumers' which do not meaningfully identify themselves, and/or do not identify themselves as a debt collector.

27) The only way for Plaintiffs and/or any least sophisticated consumer to obtain the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages, was to place a return call to the telephone number provided in the messages and speak with a debt collector employed by Northstar Location Services, LLC, and to provide the debt collector with personal information.

28) The Defendant intended that the messages have the effect of causing Plaintiffs, and other least sophisticated consumers, to place return calls to the telephone number provided in the messages and to speak with their debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages.

29) Scores of federal court decisions - including the 2nd Circuit Court of Appeals and all the District Courts that have considered the issue within the State of New York - (17 decisions to date) uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in messages left for consumers, such as the said messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.[4]

---

[4] See. *Leyse v. Corporate Collection Servs.*, (2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006).) (The court followed *Foti,* 424 F. Supp. 2d at 655-56 and *West v. Nationwide Credit,* 998 F. Supp. 642, 644 (W.D.N.C. 1998) in finding that a phone call to a debtor's neighbor that the defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the Defendant's efforts to collect on plaintiff's alleged arrearage and since a phone message that "advised the debtor that the matter required immediate attention, and provided a specific

30) At all times relevant to this action, Northstar Location Services, LLC was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in messages left for consumers, such as the said messages, by stating the nature and/or purpose of the call.[5]

31) At all times relevant to this action, Northstar Location Services, LLC willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in the messages it left for consumers, such as the said messages, stating the nature and/or purpose of the call.

32) The Defendant's act of leaving the said messages for Plaintiffs is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

33) The Defendant's act of leaving the said messages for Plaintiffs constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of a debt and is in violation of the FDCPA.

---

number to call to discuss the matter" was a communication under the FDCPA "given that the obvious purpose of the message was to provide the debtor with enough information to entice a return call. The court noted "Were this Court to determine that [the debt collectors] Messages did not constitute communications "regarding [Plaintiff's] debt", the Court would be creating an exception to swallow the rule. Under such an exception, debt collectors would be able to abuse and harass consumers with phone calls and other forms of correspondence so long as there is no express mention of the consumers' debts. The court also found: **"A message left by a debt collector which does not state that it pertains to a financial matter could reasonably pertain to a host of issues - including family or medical matters - which may be viewed by a consumer as much more pressing, than a debt owed. The apparent purpose of these messages is to be vague enough to provoke the recipient to return the calls in haste. Leaving a message that deceptively entices a consumer to communicate with a debt collector when he is caught off guard is precisely the kind of abuse the FDCPA intended to prevent."**) (emphasis added)

[5] See. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1171 (9th Cir. 2006) ("[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors repeat players likely to be acquainted with the legal standards governing their industry to bear the brunt of the risk."); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) ("As the Supreme Court has held in the general context of consumer protection—of which the [FDCPA] is a part—'it does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.'") (quoting *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 393, 85 S. Ct. 1035, 13 L. Ed. 2d 904 (1965)).

34) The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that Northstar Location Services, LLC is a debt collector in a manner understandable to the least sophisticated consumer, the Defendant has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

35) It is Defendant's policy and practice to leave messages for consumers with third parties, such as the above said messages, that violate the FDCPA by, inter alia:

(a) Failing to provide meaningful disclosure of Northstar Location Services, LLC's identity;

(b) Failing to disclose that the call is from a debt collector; and

(c) Failing to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt.

36) Upon information and belief, such messages, as alleged in this complaint, number at least in the hundreds.

37) Upon information and belief, the purpose of these messages is to be vague enough to provoke the recipient to return the calls in haste. A message left by a debt collector which does not state that it pertains to collection of a debt could reasonably pertain to a host of issues - including family or medical matters – which may be viewed by a consumer as much more pressing, than a debt owed. Leaving a message that deceptively entices a consumer to communicate with a debt collector

when he is caught off guard is precisely the kind of abuse the FDCPA intended to prevent.

38) A message leaving any information concerning a debt is a "communication." 15 U.S.C. § 1692a(2).

39) "Any information" is construed broadly in favor of consumers and includes a callback number or a reference number.[6]

40) It is a communication whether it is from a conversation directly between a consumer and a debt collector or indirectly, such as by a message left on a telephone answering device, or with a third party.[7]

41) Defendant Northstar Location Services, LLC, failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiff that the communication was from a debt collector or that the Defendant was attempting to collect a debt.[8]

42) Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

43) The said telephone messages are in violation of 15 U.S.C. §§ 1692d, 1692d(6), 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector which constitutes a deceptive practice.

---

[6] *Edwards v. Niagara Credit Solutions, Inc.*, 586 F. Supp. 2d 1346 (N.D. Ga. 2008). aff'd by *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 2009 U.S. App. LEXIS 22500, 22 Fla. L. Weekly Fed. C 179 (11th Cir. Ga. 2009. *Stinson v. Asset Acceptance, LLC*, 2006 U.S. Dist. LEXIS 42266, *7 (E.D. Va. June 12, 2006).

[7] *West v. Nationwide Credit, Inc.*, 998 F. Supp. 642, 643 (W.D. N.C. 1998), *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006).(infra), *Wideman v. Monterey Fin. Srvs., Inc.*, 2009 U.S. Dist. LEXIS 38824 (W.D.Pa May 7, 2009), *Belin v. Litton Loan Servicing, LP*, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410, 5 (M.D.Fla., 2006)

[8] See *Sclafani v. BC Servs., Inc.*, No. 10-61360-CIV, 2010 U.S. Dist. LEXIS 115330, 2010 WL 4116471, at *3 (S.D. Fla. Oct. 18, 2010). ("If [the defendant] could not leave voice messages that simultaneously complied with the multiple applicable provisions of FDCPA, it should not have left the offending voice messages.")

44) Plaintiffs suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

45) Plaintiffs suffered actual harm by being the target of the Defendant's misleading debt collection communications.

46) The Plaintiffs allege and aver that Defendant violated their rights not to be the target of misleading debt collection communications.

47) The Plaintiffs allege and aver that Defendant violated their rights to a truthful and fair debt collection process.

48) The Plaintiffs allege and aver that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

49) The Plaintiffs allege and aver that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

50) The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiffs allege and aver that Defendant's false representations misled the Plaintiffs in a manner that deprived them of their right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

51) These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

52) Plaintiffs seek to end these violations of the FDCPA. Plaintiffs have suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## *V. Class Allegations*

53) This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

54) With respect to the Plaintiffs' Class, this claim is brought on behalf of a class of; (a) all persons in the State of New York; (b) for whom Northstar Location Services, LLC left a message, (c) that did not identify that the call was for collection purposes; (d) made in connection with Northstar Location Services, LLC's attempt to collect a debt; (e) which the said messages violate the FDCPA; (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

55) The identities of all class members are readily ascertainable from the records of Northstar Location Services, LLC and those business and governmental entities on whose behalf it attempts to collect debts.

56) Excluded from the Plaintiffs' Class is the Defendant and all officers, members, partners, managers, directors, and employees of Northstar Location

Services, LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

57) There are questions of law and fact common to the Plaintiffs' Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's messages, such as the above said messages, violate 15 U.S.C. §§ 1692d, 1692d(6), 1692e(10), and 1692e(11).

58) The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

59) The Plaintiffs will fairly and adequately protect the interests of the Plaintiffs' Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

60) This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiffs' Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiffs' Class and those questions predominate over any questions or issues involving only individual class members. The single issue of

whether class members received phone messages that lacked information required by the FDCPA is common to the class members and predominates over any individual issue. The exact script of the messages need not be common to the class members, since it is the lack of information that is relevant.[9] The principal issues are whether the Defendant's messages, such as the above said messages violate 15 U.S.C. §§ 1692d, 1692d(6), 1692e(10), and 1692e(11).

(c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiffs' Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would

[9] See. *Hicks v. Client Servs., Inc.*, 2008 WL 5479111, at *7 (S.D. Fla. Dec. 11, 2008).

engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collect debts throughout the United States of America.

61) Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said messages violate 15 U.S.C. §§ 1692d, 1692d(6), 1692e(10), and/or 1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

62) Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiffs' Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

63) Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## *VI. First Cause of Action*

64) Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65) Defendant violated the FDCPA. Defendant's violations with respect to the above said messages include, but are not limited to, the following:

(a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

(b) Placing telephone calls without providing meaningful disclosure of Northstar Location Services, LLC's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(c) Leaving messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt), which constitutes a violation of 15 U.S.C. § 1692d(6);

(d) Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, which constitutes a violation of 15 U.S.C. § 1692e(10);

(e) Failing to disclose in its initial communication with the consumer, when that communication is oral, that Defendant, Northstar Location Services, LLC was attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(f) Failing to disclose in all oral communications that Northstar Location Services, LLC is a debt collector, which constitutes a violation of 15 U.S.C. § 1692e(11).

## *VII. Jury Demand*

66) Plaintiffs demand a trial by jury.

## *VIII. Prayer for Relief*

67) Plaintiffs demand the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiffs and against Defendant for:

1) Statutory and actual damages under the FDCPA, 15 U.S.C. § 1692(k);
2) Attorney fees, litigation expenses and costs of suit;
3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and
4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
June 13, 2017

/s/ David Palace
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012